UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER HISLE                                    MOVANT/DEFENDANT

v.                                                       CRIM. ACTION NO. 3:14-CR-044-JHM
                                                        CIV. ACTION NO. 3:16-cv-00160-GNS

UNITED STATES OF AMERICA                           DEFENDANTS

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION**

**FINDINGS OF FACT**

Christopher Hisle is a federal prisoner. On November 19, 2014, Hisle pled guilty to 4 counts of a superseding indictment that charged him with: the knowing transportation of an adult female (KB) in interstate commerce from Ohio to Kentucky with the intent that she engage in prostitution in violation of 18 USC § 2421 (Count 1); the act of knowingly persuading, inducing or enticing two adult females (AV and AH) to travel in interstate commerce from Ohio to Kentucky to engage in prostitution along with an attempt to do so in violation of 18 USC 2422 (a) (Counts 2 and 3, respectively); and, the knowing recruitment, enticement, transportation and maintenance of an adult female (AV) by means of force, threats of force, fraud and coercion to cause her to engage in a commercial sex act, and an attempt to do so in violation of 18 USC §§ 1591(a), 1592(b)(1) and 1594(a). (DN 22, Superseding Indictment).

The District Court in accordance with the terms of Hisle's Rule 11(c)(1)(C) plea agreement on March 26, 2015 sentenced Hisle to a total term of imprisonment of 180 months,

the mandatory minimum sentence possible and a sentence 8 months below the recommended sentencing guideline range.[1] Four months later, the District Court granted the motion of the United States for restitution in the amount of $213,440. (DN 51, Memorandum Opinion). Hisle initially attempted to appeal from the restitution order, but apparently elected not to pursue his appeal after the District Court denied his motion to proceed *in forma pauperis* on appeal. (DN 64, IFP Order). Instead, he filed the present motion to vacate, set aside are correct his sentence pursuant to 28 USC §2255. (DN 66, Motion to Vacate).

Hisle raises various Sixth Amendment claims of ineffective assistance of trial counsel in his motion to vacate. He argues generally that his counsel failed to: explain the "factual predicate for violation of 18 USC §1591;" failed to adequately investigate the facts of the case; failed to challenge the reasonableness of the sentence imposed; and, failed to challenge the order of restitution entered by the District Court. The United States has filed a response in opposition (DN 71, Response). The government argues that it is Hisle that has failed to prove either prong of the test for ineffective assistance of counsel established in *Strickland vs. Washington*, 466 US 668, 696 (1984). Hisle, according to the United States, provides no meaningful examples of any errors by his counsel, who negotiated a favorable plea agreement that itself set forth the factual predicate for all of the charges, who filed numerous objections to the presentence report (DN 40, Attachment No. 1), which included correcting an undisputed error of the probation office as to Count 4, and who made repeated objections to the amount of restitution in his objections to the initial presentence report and again in response to the motion of the government for restitution (DN 50, Response to Motion for Restitution).

---

[1] Hisle received a 120 month term of imprisonment as to Count 1 of the Superseding Indictment and 180 months as to each of Counts 2, 3, and 4 of the Superseding Indictment to be served concurrently. (DN 42, Judgment).

Hisle has filed a reply to the above arguments (DN 74). Upon consideration of the record, along with the arguments raised by the parties, the Magistrate Judge agrees with the United States that Hisle has failed to show that the performance of his trial counsel was in any sense deficient or that he suffered any prejudice as a result of the decisions of his trial counsel. Accordingly, the Magistrate Judge shall recommend to the District Court that the motion to vacate be denied with prejudice and that Hisle be denied a certificate of appealability pursuant to 28 USC §2253(c)(1)(B) given the failure of Hisle to make a substantial showing of the denial of a constitutional right.

CONCLUSIONS OF LAW

The first matter to be addressed is the standard of review. A motion to vacate brought by a federal prisoner pursuant to 28 U.S.C. §2255 must set forth one or more of three possible grounds for relief. *See United States v. Doyle*, 631 F.3d 815, 817-18 (6th Cir. 2011). The motion may allege an error of constitutional magnitude, allege that the defendant's sentence fell outside the statutory limits, or maintain that a fundamental error of fact or law occurred that rendered the entire criminal proceedings invalid. Id. (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). *See also, United States v. Addonizio*, 442 U.S. 178, 185-86 (1979). A claim of ineffective assistance of trial counsel falls within the first of the three categories above. *See Nichols v United States,* 563 F.3d 240, 250-51 (6th Cir. 2009); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir.2006); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003).

Hisle's primary argument is essentially that his plea of guilty was not knowing, intelligent and voluntary because it was the result of gross legal misadvice rising to the level of

ineffective assistance of counsel. In *McMann v. Richardson*, 397 U.S. 759, 771 (1970), the Supreme Court set out the general principle that all "defendants facing felony charges are entitled to the effective assistance of competent counsel." Subsequently, in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the Supreme Court established the often-cited benchmark test for evaluating a claim of ineffective assistance of counsel. *Id*. Strickland created a two-part test for evaluating claims of ineffective assistance. First, the defendant must show that the performance of his or her attorney was deficient. An attorney's performance will be deficient if "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

The second part of the two-part test of *Strickland* requires that the defendant establish that the deficient performance of his or her attorney prejudiced the defense. *Id*. When a claim of ineffective assistance is raised in the context of trial, this second part of the Strickland test requires the Petitioner to show that "a reasonable probability existed that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability in that context is defined by Strickland to be a probability sufficient to undermine the confidence of the court in the outcome of the proceedings. *Id*. In the words of Strickland, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court first applied the *Strickland* standard for ineffective assistance of counsel in the separate context of a guilty plea proceeding. *Hill* reaffirmed the fundamental two-part *Strickland* test that (1) the performance of counsel must fall below an objective standard of reasonableness, and (2) the defendant was

4

prejudiced thereby so that a reasonable probability existed that but for his attorney's unprofessional errors, the result of the judicial proceeding would have been different. *Hill*, 474 U.S. at 56-60. *Hill*, however, modified the second part of the test, or "prejudice prong" as it is known, to require in the context of a guilty plea that the defendant show a reasonable probability that, but for the errors of his counsel, he or she would not have chosen to plead guilty, but rather would have insisted on going to trial. *Id.* at 59.

*Hill* explained that the prejudice inquiry in many guilty plea cases, particularly those where the defendant maintained that his attorney failed to advise him of a potential defense, would analytically be similar to those situations wherein courts reviewed claims of ineffective assistance of counsel at trial. In the words of the Court, "the determination whether the error prejudiced" the defendant by causing him to plead guilty rather go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. *Id.*

This assessment will depend, in turn, largely on a prediction of whether the evidence likely would have changed the outcome of a trial." *Id*. *See Dando v. Yukins*, 461 F.3d 791,. 798-99 (6th Cir. 2006) ("The Supreme Court added that an assessment of prejudice must include a prediction of the likely outcome at trial."); *Maples v. Stegall*, 340 F.3d 433, 439-40 (6th Cir. 2003) (adopting an interpretation of *Hill* that requires the court to analyze the substance of the petitioner's underlying claim to determine prejudice by whether the petitioner would have succeeded at trial).

A defendant's subjective assertion that he or she would have insisted upon proceeding to trial but for the deficient performance of counsel is not controlling where an objectively reasonable defendant would not have insisted upon a trial given the weight of incriminating

5

evidence, the severity of the potential penalties upon conviction and the extent to which the terms of the guilty plea as accepted avoided such penalties.

The following Sixth Circuit cases illustrate the objective nature of the prejudice analysis of S*trickland*. *See Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)(defendant's subjective assertion that she would have insisted upon proceeding to trial was not objectively reasonable where overwhelming evidence of her guilt of sending threatening letters was established by video surveillance footage, and she faced the prospect of five years in prison if convicted, as opposed to the 6 months and $66,000 fine imposed pursuant to her plea bargain so that she was not prejudiced by the failure of her counsel to mention the possibility of her deportation despite her claim to the contrary); *United States v. Chan Ho Shin*, 891 F.Supp.2d 849 (N.D. Ohio 2012)( "[T]he Sixth Circuit has clarified that a petitioner cannot satisfy the prejudice element by merely telling the court that he would have gone to trial if he had received different advice. . . . .Rather, the test is objective, and Shin must convince this Court that "a decision to reject the plea bargain would have been rational under the circumstances.")(quoting *Pilla,* 668 F.3d at 373)(other citations omitted); *Haddad v. United States*, 2012 WL 2478355 at *5 (6th Cir. June 28, 2012)(the test for prejudice is an objective one and a defendant cannot establish prejudice under *Strickland* merely by claiming that he would have insisted on proceeding to trial irrespective of the chances of success at trial).

Prejudice in the context of a claim of ineffective assistance of counsel that is based on the misapplication of the U.S. Sentencing Guidelines requires a somewhat different showing. As *United States v. Boyd*, 259 F. Supp. 2d.699, 705 (W.D. Tenn. 2003) explains, "In order to satisfy the prejudice prong of an ineffective assistance of counsel claim based upon a Guidelines issue, the petitioner must show that the lawyer's failure to pursue the issue actually affected the

sentence." *Id.*( Defendant who pled guilty could not show that he was prejudiced by defense counsel's failure to object to calculation of his base offense level for sentencing, barring an ineffective assistance of counsel claim on that basis, where defendant was sentenced using the offense level applicable to the offense to which he pled guilty). *See Blake v United States*, Cr. No. 2:10-cr-20003-JPM-1, 2016 WL 4153618 at *5-6 (W.D. Tenn. Aug. 4, 2016)(no ineffective assistance of counsel was established where 2255 movant could not show that a different performance by his counsel would have resulted in a reduction of his sentence under the Guidelines); *Robinson v. United States,* 582 F. Supp. 2d 919, 930 (N.D. Ohio 2008)( "Nothing in the language of the sentencing hearing suggests that had the Court been presented with argument by defense counsel regarding a § 4A1.3 departure, the Court would have departed from the mandatory minimum." ).

Finally, in the absence of any specific factual allegations to support a claim of ineffective assistance, mere generic and conclusory allegations of deficient performance or prejudice will fail to raise a meritorious Sixth Amendment claim. *See Wogenstahl v. Mitchell*, 68 F.3d 307, 335 (6th Cir. 2012) (general claims of ineffective assistance of trial counsel are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief), *cert. den'd, Wogenstahl v. Robinson*, 133 S. Ct. 311 (2012). *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel failed to raise meritorious Sixth Amendment claim), *cert den'd,* 529 U.S. 913 (1999); *United States v. Crosgrove*, 637 F.3d 636, 663 (6th Cir. 2011) ("[C]onclusory assertions of ineffective assistance are not adequate.") (citing *United States v. Winkle*, 477 F.3d 407, 412 (6th Cir. 2007)); *Bridinger v Berghuis*, 429 F. Supp.2d 903, 911 (E.D Mich. 2006)( Petitioner who did not "identify any particular errors in the [sentencing] guidelines scoring, or provide any

argument with respect to the manner in which the guidelines were improperly scored" failed to state a plausible ineffective assistance of counsel claim).

Hisle for the most part fails to support any of his four claims of ineffective assistance of counsel with specific facts. His Sixth Amendment claims in this respect are exactly the time of purely conclusory allegations that have been repeatedly found to be insufficient. For example, Hisle broadly alleges in his first argument that his trial counsel failed to explain to him the "factual predicate" for a violation of 18 USC §1591. Count 4 of the Superseding Indictment alleged a violation of this statute involving an adult female victim, A.V. Hisle, however, does not advise the Court of what "factual predicate" that he refers to in his motion. Instead, he simply exclaims that his trial counsel "provided him with incorrect advice concerning his indictment," without setting forth in a meaningful fashion the nature of such incorrect advice.

Apparently, Hisle is referring to an error in the initial presentence report. This temporary error involved the mistaken reference to K.B. as being the victim in Count 4 of the Superseding Indictment, rather than the correct victim, A.V. The error also included an incorrect reference to the charge of sexual trafficking of a minor – – a charge not brought in Count 4, which instead involved the sexual trafficking of an adult by use of force, fraud or coercion. (DN, Initial Presentence Report at para. 24-25). This particular error was corrected after Hisle's own counsel objected to the initial report (DN 40, Final Presentence Report Addendum).

Also, the United States correctly points out that the very plea agreement entered into by Hisle sets forth in paragraph 3 a very detailed factual predicate for each of the charges brought in the Superseding Indictment. (DN 34, Plea Agreement at para. 3). Hisle himself when he signed the plea agreement acknowledged that he had "read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully

understands the nature and elements of the crimes with which he has been charged." (DN 34, para. 2). Accordingly, there can be no serious dispute at this point that Hisle fails to state a viable claim of ineffective assistance of counsel in ground one of his motion to vacate. His trial attorney was not deficient for failing to explain the factual predicate of Count 4 of the Superceding Indictment and Hisle was not prejudiced, his general claims to the contrary notwithstanding.

Hisle next alleges in the second ground of his 2255 motion that his trial attorney rendered ineffective assistance due to his failure to investigate the facts of the case, and failed to object to the presentence report at sentencing. Once again, Hisle does not explain in any meaningful detail what investigation was not conducted, or even what material facts would have been discovered, had trial counsel conducted a further investigation of an unknown nature. *See United States v. Peterson*, 896 F. Supp.2d 305, 316-17 (S.D.N.Y. 2012)( "To successfully assert an ineffective assistance of counsel claim based on a failure to investigate, "a petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation.")(quoting *Taylor v. Poole*, No. 07 Civ. 6318(RJH)(GWG), 2009 WL 2634724, at *14, 2009 U.S. Dist. LEXIS 76316, at *39–41 (S.D.N.Y. Aug. 27, 2009) (collecting cases)), In this respect, we are left only with a generalized claim devoid of any factual substance. *See Lovejoy v. United States*, No. 95–3968, 1996 WL 331050, at *3 (6th Cir. June 21, 1996) (Sixth Circuit acknowledges that conclusory statements are insufficient to warrant § 2255 relief). *See also United States v. Obenshain*, No. 10–07145–KSF–JGW, 2011 WL 3608190, at *5 (E.D. Ky. June 21, 2011).

Hisle at most seems to suggest that he was inappropriately sentenced pursuant to the United States Sentencing Guidelines (USSG) § 2G1.1 rather than § 2E1.2 of the Sentencing

Guidelines. The insurmountable problem with this argument, assuming that it is actually the basis of Hisle's claim of ineffective assistance for failure to investigate, is that USSG § 2E1.2 does not remotely apply to the charges brought in the Superseding Indictment. Consequently, Hisle's trial attorney could not have rendered a deficient performance under *Strickland* by failing to argue that his client's base offense level under the guidelines should have been calculated pursuant to USSG § 2E1.2. The Statutory Index to the Sentencing Guidelines found at § 1B1.2(a) clearly establishes that an attempt to violate 18 USC § 1591, charged under 18 USC § 1594, uses the same sentencing guideline as a violation of § 1591 of Title 18. See, USSG § 2X1.1(a).

The Statutory Index directly references USSG §§ 2G1.1, 2G1.3 and 2G2.2 as being the potential guidelines to determine Hisle's sentence under Count 4 of the Superseding Indictment, with 2G1.1 being the only possible guideline applicable given that the other two guidelines relate to criminal offenses involving minors – – offenses not charged against Hisle. In contrast, sentencing guideline § 2E1.2 applies only to violations of 18 USC § 1952 prohibiting interstate travel in aid of a racketeering enterprise, a statute not charged anywhere in the Superseding Indictment. Accordingly, Hisle's trial attorney could not have been deficient for his decision not to frivolously argue for the application of a clearly inapplicable sentencing guideline such as § 2E1.2. *Miller v. United States*, 2008 WL 4820776, *5 (E.D. Mich. Nov.5, 2008) (Lawson, J.) ("[C]ounsel cannot be deemed ineffective for failure to raise a meritless objection.") (citing *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir.1998)).

Further, Hisle's trial attorney did not fail to object to the presentence report. To the contrary, his attorney raised multiple objections to the initial presentence report. These objections were resolved in the final presentence report and were attached thereto as an

addendum. (DN 40, Final Presentence Investigation Report, with addendum). Consequently, at the time of final sentencing, Hisle's attorney, Mr. Fox, raised no additional objections as his concerns previously had been resolved. This particular claim of ineffective assistance of counsel therefore runs directly contrary to the record and is meritless. Hisle in any event offers no hint what other objections to the sentencing report should have been raised by attorney Fox beyond what has already been discussed above.

The final claim of ineffective assistance of counsel relates to the order of restitution imposed on Hisle. Hisle as part of his plea agreement agreed in paragraph 9 to pay restitution to 12 female victims of his crimes. (DN 51, Order of Restitution, p. 1-2). At sentencing in March of 2015, Hisle's attorney reported to the District Court that he and his client were in active negotiations with the government over the exact amount of such restitution (DN 69, Transcript of Sentencing, pp. 3-6). Defense counsel advised the Court repeatedly that Hisle had limited financial means and most likely would not have the resources to repay a large amount of restitution, a reality that the Court itself acknowledged. (Id.). After the sentencing hearing, the United States in May of 2015 filed a motion for restitution (DN 44, Motion for Restitution), which Hisle's attorney challenged in a response filed in opposition. (DN 50, Response).

In that response, Hisle's attorney characterized the amount of restitution being sought as "grossly inflated" and unrelated to the realistic gross earnings of Hisle and his alleged victims. (Id at p. 1-2). Attorney Fox pointed out that the female victims were requesting over $900,000 in restitution payments from Hisle. In an effort to reduce this enormous sum, counsel argued that calculation of restitution based on a measure of $120 per "client" would result in a restitution payment of $212,640, an amount that would be further reduced to $ 106,430 is the victims' were compensated based on a minimum wage rate. (Id.). Attorney Fox also argued in an effort to

reduce the amount of restitution to be paid by Hisle that the 12 victims had grossly overestimated the number of the clients they had serviced in their role as prostitutes.

Ultimately, the District Court based the amount of mandatory restitution on the assumption of $120 per day for each day that the victims worked for Hisle under 18 USC 1593, the mandatory restitution statute, which requires that the victims be recompensed for the full amount of their losses based on the greater of the gross income or value to the defendant of the victim's services or labor. 18 USC § 1593(b)(3). The victims all agreed to this assumption which when combined with the specific amount of $800 awarded to victim J.L. resulted in a total amount of restitution of $213,440, some $700,000 less than the original $915,740 amount sought.

Hisle's only complaint now with the efforts of his trial attorney appears to be that Hisle is not able to pay even this reduced amount. This complaint, however, does not implicate the protection of the Sixth Amendment and the right to effective assistance. It is rather merely a general expression of Hisle's dissatisfaction with his unavoidable statutory obligation under 18 USC § 1593. Such dissatisfaction is not a meaningful basis for a claim of ineffective assistance of counsel. Only if the amount of restitution exceeds the maximum amount which the law permits will counsel's failure to point out that fact potentially serve as a basis for a claim of ineffective assistance of counsel. *Smullen v. United States*, 94 F.3d 20, 24 (1st Cir. 1996). No such circumstances exist here. Hisle's disappointment with the amount of restitution imposed offers no basis for relief. *See Vorel v United States*, No. WDQ–07–0519, 2010 WL 1375303 at *2 (D. Md. Mar 30, 2020)(defendant's general claims of ineffective assistance with respect to the amount of restitution imposed did not support a meritorious claim of ineffective assistance of counsel). Once again, the Court is compelled to conclude that Hisle has not satisfied either prong

of the *Strickland* test on this final claim. He therefor is not entitled to relief on any of the Sixth Amendment claims of ineffective assistance of counsel.

The final question is whether Hisle is entitled to a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). A state or federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or a motion to vacate must satisfy the COA requirements of 28 U.S.C. § 2253(c). A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Such a substantial showing is made when a prisoner establishes that jurists of reason would find it debatable whether the petition or motion states a valid claim of the denial of a constitutional right or, in the cases in which the petition is resolved based upon a procedural ruling, that jurists could find it debatable whether the district court was correct in its procedural ruling. *See Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). The Court is required to make an individual assessment of the issues and to indicate which specific issue or issues satisfy the standard of § 2253(c). *See Stanford v. Parker*, 266 F.3d 442, 450-51 (6th Cir. 2001), *cert. denied*, 537 U.S. 831 (2002). *See also Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (discussing 28 U.S.C. § 2253(c)). A prisoner may raise on appeal only those specific issues for which the district court grants a certificate of appealability. *Powell v. Collins*, 332 F.3d 376, 398 (6th Cir. 2003).

Here, no reasonable jurists could debate whether Hisle has stated a valid claim of ineffective assistance of counsel. His general, nonspecific claims in this regard are entirely refuted from the face of the record so that an evidentiary hearing would be pointless. No deficient performance of trial counsel and certainly no prejudice from the performance of trial counsel has been remotely established. For these reasons the Court shall also recommend that

Hisle be denied a certificate of appealability as to all of his claims of ineffective assistance of counsel.

## RECOMMENDATION

The Magistrate Judge having made findings of fact and conclusions of law recommends that the motion to vacate, set aside or correct be denied with prejudice and that the movant be denied a certificate of appealability for the reasons set forth above.

## NOTICE

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn,* 474 U.S. 140, 150-51 (1985); *United States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2)

Copies to Defendant and Counsel of Record