UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-00044-GNS-DW
(CIVIL ACTION NO. 3:16-CV-00160-GNS-DW)

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

CHRISTOPHER HISLE                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the Report and Recommendation (DN 77) filed August 18, 2016, by Magistrate Judge Dave Whalin. The matter is ripe for adjudication. After reviewing the record *de novo*, the Court **ADOPTS** the Report and Recommendation, and **OVERRULES** Defendant's objection.

### I.  STATEMENT OF FACTS

On June 19, 2014, Defendant Christopher Hisle ("Hisle") was charged in an Indictment with one count of transporting for prostitution in violation of 18 U.S.C. § 2421; two counts of coercion or enticement of an individual into prostitution in violation of 18 U.S.C. § 2422; and one count of sexual trafficking an adult by force, fraud or coercion in violation of 28 U.S.C. § 1591 and attempt to do so in violation of 18 U.S.C. § 1594 (Superseding Indictment, DN 22).

On November 14, 2014, Hisle pleaded guilty to all four counts of the Indictment. (Plea Agreement, DN 34). In Paragraph 9 of his plea agreement, Hisle agreed to pay restitution to the victims of his crimes. (Plea Agreement ¶ 9). On March 31, 2015, the Court entered

judgment against Hisle and sentenced him to 180 months as to Counts Two through Four and 120 months as to Count One, all to run concurrently for a total of 180 months. (J., DN 42). On July 9, 2015, the Court granted the United States' motion for restitution in the amount of $213,440.00. (Mem. Op. & Order 4, DN 51).

On March 14, 2016, Hisle moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Def.'s Mot. to Vacate, DN 66). In his motion, Hisle raised four grounds for relief all predicated on the violation of his Sixth Amendment right to effective assistance of counsel.[1] In his R&R dated August 18, 2016, the Magistrate Judge recommended that Hisle's motion be denied with prejudice and that Hisle be denied a certificate of appealability. (Findings of Fact, Conclusions of Law & Recommendation 15, DN 77 [hereinafter "R&R"]). Hisle has filed his objection to the R&R on Grounds 1 and 4. (Def.'s Obj.). This matter is thus ripe for adjudication.

## II. JURISDICTION

"A prisoner in custody . . . claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

## III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.* In order to obtain

---

[1] The four grounds are that his trial counsel failed to: (1) explain the factual predicate for violation of 18 U.S.C. § 1591; (2) adequately investigate the facts of the case; (3) challenge the reasonableness of the sentence imposed; and (4) challenge the order of restitution. (Def.'s Mot. to Vacate 5-10).

2

relief under Section 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also United States v. Ross*, 40 F.3d 144, 146 (7th Cir. 1994).

## IV.  DISCUSSION

In his motion, Hisle argues that his sentence and restitution amount should be vacated, set aside, or corrected because of a violation of his Sixth Amendment right to effective assistance of counsel.

An ineffective assistance of counsel claim requires a movant to prove two elements. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a movant must prove deficient performance by proving that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*. Next, the movant must show that they were prejudiced by the deficient performance. *Id.* Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 695. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citation omitted). In the sentencing context, ineffective assistance "can result in *Strickland* prejudice because any amount of additional jail time has

Sixth Amendment significance." *Id.* at 1386 (internal quotation marks omitted) (alteration omitted) (citation omitted).

In his motion, Hisle raised four grounds for relief, and Judge Whalin's R&R recommended denying the motion. Hisle objects to the Magistrate's R&R as to the two following grounds: (1) his counsel was ineffective for failing to explain the factual predicate for a violation of 18 U.S.C. § 1591 and (2) his counsel was ineffective for failing to challenge the order of restitution entered by the Court. (Def.'s Obj. 1-3).

### A.  Failure to Explain Factual Predicate

Hisle contends that the Magistrate Judge in the R&R overlooked the facts that a defendant is entitled to an explanation of the factual predicate for his offense *before* he pleads guilty in a case. (Def.'s Obj. 2). The Sixth Circuit has held:

> A defendant claiming ineffective assistance of counsel in connection with a guilty plea must demonstrate that his counsel's performance fell outside the range of competence demanded of attorneys in criminal cases and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Moviel v. Smith*, 482 F. App'x 73, 76 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). As the Sixth Circuit has also noted:

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003).

Hisle argues that an error in the Indictment prevented him from knowing the elements as well as the factual bases of the charges against him before he entered his guilty plea. (Def.'s Obj. 2). What Hisle is actually referring to is a mistake in the initial presentence report

4

("PSR"). The initial PSR contained a mistaken reference to K.B. as being the victim in Count 4 of the Superseding Indictment, rather than the correct victim, A.V. (Presentence Report ¶¶ 24-25, DN 39). Additionally, the PSR included a mistaken reference to the charge of sexual trafficking of a minor, which was a charge not brought in Count 4. (Presentence Report ¶¶ 24-25). These mistakes were later corrected after Hisle's own counsel objected to the initial report. (Presentence Report Addendum 1, DN 40-1; Final Presentence Report ¶¶ 25-26, DN 40). Nonetheless, the mistakes in the PSR do not affect the knowledge that Hisle had before and during entering his plea agreement. First, the PSR was generated in March 2015 *after* Hisle pleaded guilty in November 2014, so a mistake contained within would not affect his decision to plead guilty to the charges. Second, the plea agreement entered into by Hisle sets forth a very detailed factual predicate for each of the charges brought in the Superseding Indictment. (Plea Agreement ¶ 3). Hisle signed the plea agreement and acknowledged that he had "read the charges against him contained in the Indictment and those charges have been fully explained to him by his attorney." (Plea Agreement ¶ 2). The plea agreement further stated: "Defendant fully understands the nature and elements of the crimes with which he has been charged." (Plea Agreement ¶ 2). Therefore, Hisle was clearly aware of the factual predicate of the charges against him when he decided to plead guilty. Further, the mistaken facts in the presentence report—which were corrected by Hisle's counsel—could have had no bearing on his decision to plead guilty. Accordingly, Hisle's objection to the R&R on this ground is overruled.

      **B.**     **Failure to Challenge Restitution Order**

Hisle objects to the R&R's finding that counsel was not ineffective for failing to challenge the order of restitution entered by the Court. (Def.'s Obj. 3). Hisle argues that the

5

Magistrate overlooked Sixth Circuit law and his inability to pay the amount of restitution ordered. (Def.'s Obj. 3). Specifically, Hisle asserts that his attorney provided ineffective assistance of counsel when he failed to object to this Court's order setting the amount of restitution because this Court did not consider Hisle's inability to pay. (Def.'s Obj. 3).

In support of his argument, Hisle relies on the Sixth Circuit case of *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), where the Sixth Circuit held that the restitution amount ordered by the trial court was improper in part because the court did not consider the petitioner's ability to pay. *Id.* at 356. What Hisle fails to note, however, is that *Weinberger* involved restitution under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, rather than the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A in the present case. *Id.*; *see also* 18 U.S.C. § 1593(b)(2) ("An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A."). Under the MVRA (and unlike under the VWPA), a defendant's assets and ability to pay are **not** to be considered when calculating restitution to a victim. *Weinberger*, 268 F.3d at 356; *see* 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."); *see also United States v. Bogart*, 576 F.3d 565, 573 (6th Cir. 2009) ("[T]he MVRA makes restitution mandatory regardless of a defendant's ability to pay.").

Moreover, contrary to Hisle's assertions, the Court did consider Hisle's inability to pay in the restitution order. The Court noted that the victims "agreed to this calculation 'based on the Defendant's likely inability to pay full restitution, and the desire to resolve the matter through agreement, rather than additional litigation.'" (Mem. Op. & Order 3 n.1 (citing Pl.'s

6

Mot. for Restitution 9 n.1)). Therefore, any objection by Hisle's attorney to the restitution order would have been futile, and Hisle's ineffective assistance of counsel claim cannot stand. Thus, Hisle's objection to the R&R on this ground must be overruled.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 79) are **OVERRULED**; and the Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation (DN 77) are **ADOPTED** as and for the opinion of this Court.

**Greg N. Stivers, Judge**
**United States District Court**

November 18, 2016

cc: counsel of record
Defendant, *pro se*

7